FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC - 6 2004

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LINDY AND SHANNON BOSTIC,
individually and derivatively in the name
of and on behalf of Goodnight Farms, Inc.
An Arkansas corporation                                          PLAINTIFFS

VS.                                    4:03CV0056

LARRY GOODNIGHT and
GOODNIGHT FARMS, INC.,
An Arkansas corporation                                          DEFENDANTS

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case was tried before a jury for six days, beginning October 4, 2004. The jury returned a verdict for the Plaintiffs, Lindy ("Bud") and Shannon Bostic (the "Bostics"), finding that the defendant Larry Goodnight ("Goodnight") had breached his fiduciary duty and had committed deceit in connection with his business dealings with the Bostics and Goodnight Farms, Inc. ("the Corporation"). The jury entered a verdict in favor of Goodnight on Plaintiff's claim for Arkansas securities fraud and on his counterclaim for breach of contract. The jury awarded no damages.

During trial the Court ruled that the jury should not consider the Bostic's derivative claim on behalf of the shareholders of the Corporation for Goodnight's self-dealing in breach of his fiduciary duty. The Court now enters findings of fact and conclusions of law on this limited issue.

#### Findings of Fact

1. Larry Goodnight was the President and sole director of the Corporation during all relevant times.

2. Goodnight withdrew money from the Corporation's accounts and deposited those monies into his personal bank accounts from the time the Bostics invested in the Corporation in 2000 and continuing throughout the time the Bostics were shareholders in 2001 and 2002.

3. Goodnight diverted funds belonging to the Corporation and deposited those funds into his personal accounts.

4. Goodnight also maintained an individual cattle business resulting in similar business expenses and dealings.

5. Shannon Bostic prepared the corporation's general ledger for 2001. She relied upon the check registers and inputted information from the registers into a general ledger. There was no evidence that Shannon Bostic had knowledge of or approved any self dealing transactions which occurred.

6. On April 16, 2002 the Bostics and Goodnight entered into a dissolution agreement.

7. No evidence was presented which demonstrated that the Bostics had full knowledge of the extent of Goodnight's self dealing at the time the dissolution agreement was signed.

8. No evidence was presented to demonstrate that the Bostics reasonably should have expected Goodnight to rely on their words, conduct or silence with regard to their failure to request an accounting prior to or during the dissolution.

9. Allison Smith, Goodnight's accountant, testified that she relied upon the folder of invoices provided by Goodnight and based upon his representation that the invoices represented expenses of the corporation, listed the expenses as corporate expenses.

10. Allison Smith testified that she verified that the transactions were accurate, but relied upon Goodnight's representation that the transactions were legitimate corporate transactions.

11. Goodnight failed to present evidence demonstrating that each withdrawal or diversion of corporate funds benefitted the corporation.

12. Goodnight presented no evidence at trial that would entitle him to an accounting.

13. Evidence was presented at trial that Goodnight withdrew or diverted a total of $1,741,417.62 for which he failed to demonstrate that the withdraw or diversion benefitted the corporation[1].

## Conclusions of Law

1. Larry Goodnight was a fiduciary.

2. The burden of proving the accounts have been properly handled is placed on the fiduciary. *A & P's Hole-In-One v. Moskop*, 38 Ark. App. 234, 832 S.W.2d 860 (1992).

3. "If the fiduciary does not keep clear, distinct and accurate accounts, with proper vouchers, 'all presumptions are against him, and doubts are taken adversely to him.'" *Id.*, 832 S.W.2d at 863.

4. Larry Goodnight failed to present clear, distinct and accurate accounts demonstrating the accounts of the Corporation were properly handled.

5. Although Goodnight presented receipts and vouchers for certain expenses, he did not present evidence which would demonstrate that these expenditures were for the benefit of the Corporation as opposed to his personal cattle business.

6. The Bostics are not barred by the doctrine of waiver or estoppel from bringing their action for an accounting.

---

[1] The Court finds that $236,753.49 included by the Bostic's as "additional corporate funds deposited into Goodnight's personal account in 2002" reflected payments for cattle purchased by Goodnight personally.

6. Goodnight is not entitled to an accounting.

7. The Bostics are entitled to a judgment in the amount of $870,708.81 representing their fifty percent interest in Goodnight Farms.

IT IS SO ORDERED this __3__ day of December, 2004.

                                                                                                                                _/s/ James M. Moody_
                                                                                                                                James M. Moody
                                                                                                              United States District Judge

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON __12/7/04__ BY _____

F I L E    C O P Y

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

December 7, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re:   4:03-cv-00056.

True and correct copies of the attached were mailed by the clerk to the following:    press, file, post

    Martha Jett McAlister, Esq.
    Eichenbaum, Liles & Heister, P.A.
    Union National Plaza
    124 West Capitol Avenue
    Suite 1400
    Little Rock, AR   72201-3736

    Peter B. Heister, Esq.
    Eichenbaum, Liles & Heister, P.A.
    Union National Plaza
    124 West Capitol Avenue
    Suite 1400
    Little Rock, AR   72201-3736

    Mitchell Lloyd Berry, Esq.
    Eichenbaum, Liles & Heister, P.A.
    Union National Plaza
    124 West Capitol Avenue
    Suite 1400
    Little Rock, AR   72201-3736

    Adam Heath Abshure, Esq.
    Williams & Anderson
    111 Center Street
    Suite 2200
    Little Rock, AR   72201-2413

    Jess L. Askew III, Esq.
    Williams & Anderson
    111 Center Street
    Suite 2200
    Little Rock, AR   72201-2413

    Beth M. Deere, Esq.
    Williams & Anderson

ti

111 Center Street  
Suite 2200  
Little Rock, AR   72201-2413

James W. McCormack, Clerk

Date: 12/7/04

BY: T Jones